**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Oriental Fleet Tanker 02 Limited,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Civil Action No.: 4:21-cv-00249** |
| | § | |
| **M/V FOLEGANDROS, its engines,** | § | **In Admiralty, Rule 9(h)** |
| **boilers, tackle, furniture, apparel,** | § | |
| **appurtenances, etc,** *in rem*, **and** | § | |
| **Folegandros Shipping Corporation,** *in* | § | |
| *personam*, | § | |
| | § | |
| **Defendants.** | § | |

**VERIFIED COMPLAINT IN ADMIRALTY**
**BY ORIENTAL FLEET TANKER 02 LIMITED**

Plaintiff Oriental Fleet Tanker 02 Limited ("**Plaintiff**") files this Verified Complaint in

Admiralty pursuant to Rule D of the Supplemental Rules for Admiralty and Maritime Claims

("**Rule D**"), and alleges as follows:

## I.  JURISDICTION, VENUE, AND PARTIES

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and Rule D.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333, and venue is

proper in this District pursuant to 28 U.S.C. § 1391.

3.     At all material times, Plaintiff was and is a company organized under the laws of

the British Virgin Islands and having its registered office at Ritter House, Wickhams Cay II, Road

Town, Tortola VG 1110, British Virgin Islands.

4.      *In rem* defendant M/V FOLEGANDROS, bearing IMO number 9800568 and registration number 12612 (together with its engines, boilers, tackle, furniture, apparel, appurtenances, etc., the "**Vessel**"), is a crude oil tanker registered in the name of Plaintiff under the laws and flag of Greece, and is presently in this District or is believed to soon be in this District, at the Port of Houston, within the jurisdiction of this Honorable Court.

5.      *In personam* defendant Folegandros Shipping Corporation ("**Defendant**") is a corporation organized under the laws of the Republic of Liberia and having its registered office at 80 Broad Street, Monrovia, Liberia.

## II.      RELEVANT FACTS

6.      On November 1, 2017, Oriental Fleet International Company Limited, a company organized under the laws of Hong Kong and having its registered office at 50/F, COSCO Tower, 183 Queen's  Road Central, Hong Kong ("**Original Owner**"), as owner, and Defendant, as bareboat charterer, entered into a bareboat charter (the "**Original Charter**") pursuant to which Original Owner bareboat chartered the Vessel to Defendant for a period of one hundred and twenty (120) months starting on the Delivery Date (as defined therein) under the terms and conditions set forth therein.  A true and complete copy of the Original Charter is attached as Exhibit A hereto.

7.      On March 12, 2019, Original Owner, as seller, and Plaintiff, as buyer, entered into a memorandum of agreement (the "**MOA**") pursuant to which Original Owner sold to Plaintiff the Vessel under the terms and conditions set forth therein.  A true and complete copy of the MOA is attached as Exhibit B hereto.  The Republic of Greece issued on the same date a certificate of nationality (the "**Certificate**") to certify that Plaintiff then became the 100% owner of the Vessel, which remained registered in the Greek Registry and permitted to fly the Greek Flag.  A true and complete copy of the Certificate is attached as Exhibit C hereto.

8.      Also on March 12, 2019, Original Owner, as original owner, Plaintiff, as replacement owner, and Defendant, as bareboat charterer, entered into a novation and amendment agreement (the "**Novation Agreement**") pursuant to which (a) the Original Charter was novated and amended under the terms and conditions set forth therein, (b) Original Owner was released of its obligations under the Original Charter and agreed that it had no further rights under the Original Charter, and (c) Plaintiff assumed all rights and obligations of Original Owner under the Original Charter, as novated and amended by the Novation Agreement (the "**Charter**").  A true and complete copy of the Novation Agreement is attached as <u>Exhibit D</u> hereto.

9.      Also on March 12, 2019, Eletson Holdings Inc., a corporation organized under the laws of the Republic of Liberia and having its registered office is at 80 Broad Street, Monrovia, Liberia ("**Guarantor A**"), as guarantor, and Plaintiff, as owner, entered into a guaranty (the "**Guaranty A**") pursuant to which Guarantor A guaranteed the due payment by Defendant of all amounts due under the Charter and the punctual performance by Defendant of all of its obligations under the Charter, under the terms and conditions set forth therein.  A true and complete copy of the Guaranty A is attached as <u>Exhibit E</u> hereto.

10.      Also on March 12, 2019, Eletson Corporation, a corporation organized under the laws of the Republic of Liberia and having its registered office is at 80 Broad Street, Monrovia, Liberia ("**Guarantor B**"), as guarantor, and Plaintiff, as owner, entered into a guaranty (the "**Guaranty B**") pursuant to which Guarantor B guaranteed the due payment by Defendant of all amounts due under the Charter, and the punctual performance by Defendant of all of its obligations under the Charter, under the terms and conditions set forth therein.  A true and complete copy of the Guaranty B is attached as <u>Exhibit F</u> hereto.

11.     On May 31, 2020, Plaintiff sent an email to Defendant (the "**May 31, 2020 Email**"), by which Plaintiff accepted Defendant's application to change the charter hire payment method "from monthly in advance to monthly in arrear" for the period from May of 2020 to November of 2020 under the Charter.  A true and complete copy of the May 31, 2020 Email is attached as <u>Exhibit G</u> hereto.

12.     On December 9, 2020, Plaintiff sent an email to Defendant (the "**December 9, 2020 Email**"), by which Plaintiff rejected Defendant's attempts to further defer or reduce Defendant's payment obligations under the Charter, and noted that Plaintiff's acceptance of late or partial payment of any outstanding charter hire installment plus interest shall not be taken or construed as a waiver by Plaintiff of its right to receive payment punctually or any other rights under the Charter. A true and complete copy of the December 9, 2020 Email is attached as <u>Exhibit H</u> hereto.

13.     On December 10, 2020, Plaintiff sent an email to Defendant (the "**December 10, 2020 Email**"), by which Plaintiff accepted Defendant's application to pay the twenty-first installment of charter hire in arrear, and not in advance.  A true and complete copy of the December 10, 2020 Email is attached as <u>Exhibit I</u> hereto.

14.     On December 11, 2020, Plaintiff sent an email to Defendant (the "**December 11, 2020 Email**"), confirming the same and attaching *(inter alia)* an invoice for the twenty-first installment of charter hire of the Vessel due on December 11, 2020 in the amount of USD 373,419.20.  A true and complete copy of the December 11, 2020 Email (account information redacted) is attached as <u>Exhibit J</u> hereto.

15.     On December 13, 2020, Plaintiff sent an email to Defendant (the "**December 13, 2020 Email**"), by which Plaintiff confirmed receipt of USD 111,906.69 in partial payment by Defendant of the twenty-first installment of charter hire due on December 11, 2020, and Plaintiff

noted that the balance remained unpaid in a total amount of USD 261,512.51, and that the twenty-second installment of charter hire due on December 12, 2020 also remained unpaid.  A true and complete copy of the December 13, 2020 Email is attached as Exhibit K hereto.

16.     On December 28, 2020, Plaintiff sent an email to Defendant (the "**December 28, 2020 Email**") by which Plaintiff notified Defendant again that Plaintiff only received a partial payment for the twenty-first installment of charter hire due on December 11, 2020 under the Charter, and received no payment for the twenty-second installment of Charter Hire due on December 12, 2020 under the Charter.  A true and complete copy of the December 28, 2020 Email is attached as Exhibit L hereto.

17.     On January 5, 2021, Plaintiff sent a termination event notice to Defendant (the "**Termination Event Notice**") to, *inter alios*, Defendant, by which Plaintiff notified Defendant of the occurrence of the following "Termination Events" under the Charter:

| Reference | Termination Event |
|---|---|
| Clause 44.1(a) | The Charterers have failed to make full payment of money due under the Bareboat Charter on or within 5 Business Days of its due date.  In particular, the Charterers have failed to make full payment of the 21st and 22nd instalments of the Charterhire, which were due on 11 and 12 December 2020 respectively. |
| Clause 44.1(b) | Guarantor A has breached and/or omitted to observe and/or perform its undertakings contained in the Guarantee to which it is a party.  In particular, Guarantor A has failed to comply with the financial covenants under Clause 11.17(a), (b)(i) and (b)(ii) of the said Guarantee at least for the period between the 4th quarter of 2019 and the 3rd quarter of 2020. |
| Clause 44.1(c) and/or 44.1(d) | Guarantor A has committed breaches and/or omitted to observe or perform its obligations and/or undertakings under the Guarantee to which it is a party.  In particular, Guarantor A has failed to send to the Owners its audited consolidated annual financial reports for the financial year ended 31 December 2019 in breach of Clause 11.3(a) of the said Guarantee. |

| | |
|---|---|
| Clause 44.1(f)(i) | The Financial Indebtedness of a Relevant Person is not paid when due or, if so payable, on demand after any applicable grace period has expired.  In particular, the Other Charterer has failed to pay its Financial Indebtedness under the Other Charter as particularised in the Termination Event Notice issued in respect of the Other Charter of even date. |
| Clause 44.1(g)(i) | A Relevant Person becomes, in the opinion of the Owners, unable to pay its debts as they fall due.  In particular, it is the opinion of the Owners based on, including without limitation, the events and circumstances set out in this Termination Event Notice that the Charterers and/or the Other Charterer and/or Guarantor A have become unable to pay their debts as they fall due. |
| Clause 44.1(g)(ii) | The value of a Relevant Person's assets is less than its liabilities (taking into account contingent and prospective liabilities).  In particular, based on, including without limitation, the unaudited condensed interim financial statements of Guarantor A for the three and nine month period ended 30 September 2020, the value of Guarantor A's assets is less than its liabilities. |
| Clause 44.1(j) | An event or circumstance occurs which has or is reasonably likely to have a Material Adverse Effect.  In particular (but without limitation), in the reasonable opinion of the Owners, the events and circumstances set out in this Termination Event Notice have or are reasonably likely to have a Material Adverse Effect. |
| Clause 44.1(p) | A Termination Event (as defined in the Other Charter) has occurred under the Other Charter, including but not limited to those particularised in the Termination Event Notice issued in respect of the Other Charter of even date. |

A true and complete copy of the Termination Event Notice is attached as <u>Exhibit M</u> hereto.
Defendant neither paid the "Termination Purchase Price" (as defined in the Charter), nor informed
Plaintiff within ten (10) business days after receipt of the Termination Notice of its intent to do so,
as provided in clause 44.2 of the Charter.

18.     On January 13, 2021, Plaintiff sent a demand to Guarantor A (the "**Demand to
Guarantor A**"), by which Plaintiff demanded the immediate payment by Guarantor A of the
amounts due under the Charter.  A true and complete copy of the Demand to Guarantor A (account
information redacted) is attached as <u>Exhibit N</u> hereto.

19.     Also on January 13, 2021, Plaintiff sent a demand to Guarantor B (the "**Demand to Guarantor B**"), by which Plaintiff demanded the immediate payment by Guarantor B of the amounts due under the Charter.  A true and complete copy of the Demand to Guarantor B (account information redacted) is attached as Exhibit O hereto.

20.     On January 26, 2021, Plaintiff sent a notice of termination to, *inter alios*, Defendant (the "**Termination Notice**"), by which Plaintiff exercised its right to terminate the Charter pursuant to, *inter alia*, clause 44.3 thereof, and Plaintiff requested that Defendant  immediately redeliver the Vessel.  A true and complete copy of the Termination Notice is attached as Exhibit P hereto.

21.     Despite the Termination Notice, Defendant has failed to redeliver the Vessel to Plaintiff.

### III.     CLAIM TO TAKE POSSESSION OF THE VESSEL UNDER RULE D

22.     Plaintiff repeats and re-alleges by reference the allegations contained in paragraphs 1–21 as if specifically set forth herein.

23.     Plaintiff is the true and lawful owner and titleholder of the Vessel.  Although Plaintiff has rightfully terminated the Charter with Defendant and demanded redelivery of the Vessel, Defendant now refuses to redeliver the Vessel to Plaintiff.

24.     Plaintiff is wrongfully deprived of possession of the Vessel.

25.     Plaintiff therefore makes this claim under Rule D for a warrant of arrest authorizing Plaintiff to immediately take possession of the Vessel, and for a final judgment granting possession of the Vessel and awarding damages to Plaintiff, plus prejudgment interest, post-judgment interest, costs, attorneys' fees, *custodia legis* expenses, and disbursements for this case.

26.     Plaintiff has performed all duties, obligations and conditions precedent on its part to be performed.

### IV.        CLAIM FOR BREACH OF THE CHARTER

27.    Plaintiff repeats and re-alleges by reference the allegations contained in paragraphs 1–21 as if specifically set forth herein.

28.    Defendant has committed multiple breaches of the Charter, including, without limitation, failure to make payment in full of the charter hire installments due on December 11 and 12, 2020 under the Charter, and failure to pay the Termination Purchase Price and to redeliver the Vessel to Owner upon request as required under the Charter.

29.    As a result of Defendant's breaches, Plaintiff has incurred damages for loss of use of the Vessel and in the amount of the unpaid charter hire and other sums due under the Charter.

30.    Plaintiff therefore makes this claim for breach of a maritime contract, without prejudice to Plaintiff's right to seek arbitration of the underlying dispute in Hong Kong pursuant to clause 30 of the Charter.

31.    Plaintiff has performed all duties, obligations and conditions precedent on its part to be performed.

### V.        PRAYER

WHEREFORE, Plaintiff prays:

A.    That process and due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction be issued against the Vessel and Defendant;

B.    That an order and warrant of arrest under Rule D be issued against the Vessel;

C.    That after due proceedings, judgment be entered in favor of Plaintiff and against Defendant granting possession of the Vessel to Plaintiff and awarding damages to Plaintiff from Defendant in an amount to be proven in these proceedings, plus prejudgment interest, post-judgment interest, costs, attorneys' fees, *custodia legis* expenses, and disbursements for this case;

D.      That this Honorable Court grant Plaintiff such other and further relief as may be just and proper.

Dated: January 26, 2021                          Respectfully submitted,

                                                 /s/ J. James Cooper
                                                 J. James Cooper (TX Bar No. 04780010)
                                                 (attorney-in-charge)
                                                 REED SMITH LLP
                                                 811 Main Street, Suite 1700
                                                 Houston, TX 77002
                                                 Telephone: (713) 469-3800
                                                 Facsimile: (713) 469-3899
                                                 jcooper@reedsmith.com

                                                 Jane Freeberg Sarma
                                                 (pro hac vice application to be filed)
                                                 Alice D. Colarossi
                                                 (pro hac vice application to be filed)
                                                 REED SMITH LLP
                                                 599 Lexington Avenue, 22nd Floor
                                                 New York, NY 10022
                                                 Telephone: (212) 521-5400
                                                 Facsimile: (212) 521-5450
                                                 jsarma@reedsmith.com
                                                 acolarossi@reedsmith.com

                                                 *Attorneys for Plaintiff,*
                                                 *Oriental Fleet Tanker 02 Limited*