# EXHIBIT D

**EXECUTION VERSION**

Date _____12 March_____ 2019

**FOLEGANDROS SHIPPING CORPORATION**
as Bareboat Charterer

- and -

**ORIENTAL FLEET INTERNATIONAL COMPANY LIMITED**
as Original Owner

- and -

**ORIENTAL FLEET TANKER 02 LIMITED**
东方富利 **TANKER02** 有限公司
as Replacement Owner

_____
**NOVATION AND AMENDMENT AGREEMENT**
_____

relating to a bareboat charter in respect of a LR2 product tanker with Hull No. 1426 (subsequently named m.v. "FOLEGANDROS") dated 1 November 2017

**INDEX**

**Clause** **Page**

1 DEFINITIONS 1

2 FURTHER DEFINED TERMS 1

3 NOVATION 2

4 CONSEQUENTIAL AMENDMENTS TO CHARTER 2

5 REPRESENTATIONS AND WARRANTIES 5

6 NOVATION EFFECTIVE TIME 5

7 MISCELLANEOUS 6

8 COUNTERPARTS 6

9 THIRD PARTY RIGHTS 6

10 GOVERNING LAW AND ENFORCEMENT 6

EXECUTION PAGE 7

**THIS DEED** is made on _____12 March_____ 2019

**BETWEEN:**

(1) **FOLEGANDROS SHIPPING CORPORATION,** a corporation incorporated and existing under the laws of Liberia whose registered office is at 80 Broad Street, Monrovia, Liberia (the "**Bareboat Charterer**");

(2) **ORIENTAL FLEET INTERNATIONAL COMPANY LIMITED**, a company incorporated and existing under the laws of Hong Kong whose registered office is at 50/F, COSCO Tower, 183 Queen's Road Central, Hong Kong (the "**Original Owner**"); and

(3) **ORIENTAL FLEET TANKER 02 LIMITED 东方富利 TANKER02 有限公司**, a company incorporated under the laws of the British Virgin Islands whose registered office is at Ritter House, Wickhams Cay II, Road Town, Tortola VG 1110, British Virgin Islands (the "**Replacement Owner**").

**WHEREAS**

(A) By a bareboat charter dated 1 November 2017 (the "**Bareboat Charter**") and made between (i) the Original Owner as owners and (ii) the Bareboat Charterer as charterers, the Original Owner agreed to let and the Bareboat Charterer agreed to take the Vessel on bareboat charter in accordance with the terms and conditions therein.

(B) By a memorandum of agreement dated 1 November 2017 (the "**Existing MOA**") and made between (i) the Bareboat Charterer as sellers and (ii) the Original Owner as buyers, the Bareboat Charterer agreed to sell and the Original Owner agreed to purchase the Vessel in accordance with the terms and conditions therein.

(C) With the prior consent of the Bareboat Charterer, the Original Owner and the Replacement Owner entered into a memorandum of agreement dated ___12 March___ 2019 (the "**Subsequent MOA**") pursuant to which the Original Owner agreed to sell and the Replacement Owner agreed to purchase the Vessel in accordance with the terms and conditions therein.

(D) The Parties have agreed that the rights and obligations of the Original Owner under the Bareboat Charter are novated in favour of the Replacement Owner and to amend certain terms of the Bareboat Charter as a result of such novation, and this Deed sets out the terms and conditions on which the Parties agree, with effect on and from the Novation Effective Time, to such novation.

**NOW THEREFORE IT IS AGREED** as follows:

**1  DEFINITIONS**

Terms defined in the Bareboat Charter shall, unless the contrary intention appears, have the same meanings when used in this Deed, including when used in the description of the Parties or the recitals.

**2  FURTHER DEFINED TERMS**

In addition in this Deed:

"**Novation Effective Time**" shall have the meaning ascribed to such term in Clause 6; and

"**Parties**" means, together the Bareboat Charterer, the Original Owner and the Replacement Owner.

**3 NOVATION**

**3.1** The Parties agree that with effect from the Novation Effective Time,

(a) the Original Owner releases and discharges the Bareboat Charterer, and the Bareboat Charterer releases and discharges the Original Owner, from its obligations under the Bareboat Charter and the Original Owner agrees that it has no further rights against the Bareboat Charterer, and the Bareboat Charterer agrees that it has no further rights against the Original Owner under the Bareboat Charter, in each case in so far as the same are properly attributable to the period commencing at the Novation Effective Time provided that, notwithstanding any provision herein to the contrary, the Replacement Owner shall be liable for any and all obligations of the Original Owner that become due and payable at or after the Novation Effective Time, irrespective of when such obligations have been arisen;

(b) the Replacement Owner shall assume the rights and obligations of, and to perform the obligations of, the Original Owner under the Bareboat Charter and the Bareboat Charterer shall retain the rights and obligations of, and to perform the obligations of, the Bareboat Charterer under the Bareboat Charter; and

(c) the Replacement Owner shall be treated as having been a party to the Bareboat Charter from the date thereof.

Each of the events referred to in Clauses 3.1(a), (b) and (c) is conditional upon the happening of the other and shall occur simultaneously with the effect that the rights and obligations of the Original Owner under or in connection with the Bareboat Charter shall be novated, with effect from the Novation Effective Time, so that the Bareboat Charter shall be made between the Replacement Owner and the Bareboat Charterer and the Replacement Owner shall be bound by the terms of the Bareboat Charter.

(d) following the Novation Effective Time, all payments previously made by and on behalf of the Bareboat Charterer under the Bareboat Charter during the Pre-delivery Period (including, without limitation to, any Pre-delivery Interest Charterhire paid during such period) shall be retained by the Original Owner as the sole property of the Original Owner.

**4 CONSEQUENTIAL AMENDMENTS TO CHARTER**

**4.1** With effect at and from the Novation Effective Time immediately following the novation pursuant to Clause 3:

(a) references in the Bareboat Charter to "Owners" or "Owner" shall be construed as references to the Replacement Owner save that any reference to payments paid under Clause 36.1(b) and 36.1(c) shall continue to refer to payments made to the Original Owner;

(b) references in the Bareboat Charter to "this Charter" shall be construed as references to the Bareboat Charter as amended and supplemented by this Deed;

(c) the Bareboat Charter shall be amended as follows:

(i) the notice details of the Owners in clause 43.1 of the Bareboat Charter shall be deleted and replaced by the following notice details:

"to the Owners **ORIENTAL FLEET TANKER 02 LIMITED**
**东方富利 TANKER02 有限公司**
Attention: Xu Ying/Josh Li Geng
Email:asset@coscoshipping.com.hk/josh.li@ofi.com.hk
Tel: +86 21 6596 6123 / + 852 2902 1349
Fax: +852 2866 7667";

(ii) Clause 51.2 of the Bareboat Charter shall be deleted and replaced by the following new Clause 51.2:

"In consideration of the Charterers requesting the Other Owner to charter the Other Vessel to the Other Charterer under the Other Charter, the Charterers hereby irrevocably and unconditionally undertake to pay immediately on demand from the Owners such amounts in respect of all claims, expenses, liabilities, losses, fees of every kind and nature and all other moneys due, owing and/or payable to the Other Owner by the Other Charterer under or in connection with the Other Charter, and to indemnify and hold the Owners harmless against all such moneys, costs , fees and expenses.";

(iii) last paragraph of clause 51.4 of the Bareboat Charter shall be deleted and replaced by the following new paragraph:

"If the Charterers receive any benefit, payment or distribution in relation to such rights they shall hold that benefit, payment or distribution to the extent necessary to enable all amounts which may be or become payable to the Owners or the Other Owner by the Other Charterer or any other Relevant Person under or in connection with the Leasing Documents or the Other Charter to be repaid in full on trust for the Owners and the Other Owner and shall promptly pay or transfer the same to the Owners or the Other Owner as may be directed by the Owners.";

(iv) the definition of "Direct Agreement" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition:

""**Direct Agreement**" means the direct agreement dated 1 November 2017 entered into between the Charterers, Oriental Fleet International Company Limited as owners and the Builder in respect of the Shipbuilding Contract in the agreed form (as set out in the Pre-Delivery Assignment)".

(v) the definition of "Leasing Documents" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition:

""**Leasing Documents**" means this Charter, the Novation Agreement, the New MOA and the Security Documents".

(vi) the definition of "MOA" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition:

""**MOA**" means the memorandum of agreement dated 1 November 2017 entered into between the Charterers as sellers and Oriental Fleet International Company Limited as buyers in relation to the sale and purchase of the Vessel".

(vii) a new definition of "New MOA" shall be inserted in clause 56.1 of the Bareboat Charter as follows:

""**New MOA**" means the memorandum of agreement entered into by the Oriental Fleet International Company Limited as sellers and the Owners as buyers dated on or around the date of the Novation Agreement in relation to the sale and purchase of the Vessel";

(viii) a new definition of "Novation Agreement" shall be inserted in clause 56.1 of the Bareboat Charter as follows:

""**Novation Agreement**" means the novation agreement entered into on or around the date of the New MOA between the Charterers, Oriental Fleet International

| | |
|---|---|
| | Company Limited as original owners and the Owners as replacement owners in relation to the novation of this Charter to the Owners"; |
| (ix) | the definition of "Other Charter" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition: |

""**Other Charter**" means, in relation to the Other Vessel, a bareboat charterparty entered into between the Other Owner as owners and the Other Charterer as bareboat charterers.";

| | |
|---|---|
| (x) | a new definition of "Other Owner" shall be inserted in clause 56.1 of the Bareboat Charter as follows: |

""**Other Owner**" means ORIENTAL FLEET TANKER 01 LIMITED, a company incorporated under the laws of the British Virgin Islands whose registered office is at Ritter House, Wickhams Cay II, Road Town, Tortola VG 1110, British Virgin Islands";

| | |
|---|---|
| (xi) | the definition of "Other Vessel" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition: |

""**Other Vessel**" means, the vessel constructed by the Builder with hull number H1425 which is owned by the Owners.";

| | |
|---|---|
| (xi) | the definition of "Payment Date" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition: |

""**Payment Date**" means:

| | |
|---|---|
| (a) | during the Pre-delivery Period, each of the monthly dates falling during such period with the first of such dates being the date falling one (1) month after the date of the payment of the first Pre-delievery Instalment under the MOA by Oriental Fleet International Company Limited to the Charterers and each subsequent date falling at monthly intervals thereafter with the last of such dates falling on the last day of such period; and |
| (b) | during the Charter Period, each of the one hundred and twenty (120) dates upon which the Fixed Charterhire and the Variable Charterhire are to be paid by the Charterers to the Owners pursuant to Clause 36 with the first of such dates falling on the Commencement Date and each subsequent date thereafter falling at monthly intervals thereafter." |

| | |
|---|---|
| (xii) | the definition of "Pre-delivery Assignment" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition: |

""**Pre-delivery Assignment**" means the assignment agreement dated 1 November 2017 entered into between *inter alia*, Oriental Fleet International Company Limited as owners and the Charterers pursuant to which *inter ali* the Charterer assigned to Oriental Fleet International Company Limited their rights, interests and benefits to the Shipbuilding Contract and the Refund Guarantee in the agreed form";

| | |
|---|---|
| (xiii) | the definition of "Pre-delivery Instalment" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition: |

""**Pre-delivery Instalment**" means each, or as the context may require, any of the two instalments paid by Oriental Fleet International Company Limited to the Charterers under the MOA prior to the Delivery";

|  |  |  |
|---|---|---|
| (xiv) | | the definition of "Pre-delivery Instalment Balance" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition: |

""**Pre-delivery Balance**" means any Pre-delivery Instalment paid by Oriental Fleet International Company Limited as buyers to the Charterers as sellers under the MOA";

(xv)　　the definition of "Pre-delivery Period" in clause 56.1 of the Bareboat Charter shall be deleted and replaced by the following new definition:

""**Pre-delivery Period**" means the period commencing from the date the first Pre-dellivery Instalment was paid by Oriental Fleet International Company Limited to the Charterers under the MOA up to and including the Commencement Date"; and

(xvi)　　the definition of "Security Documents" in clause 56.1 of the Bareboat Charter shall be replaced as follows:

""**Security Documents**" means the Guarantee, the Account Security, the General Assignment, the Shares Security, the Manager's Undertaking and any other security documents granted as security for the obligations of the Charterers under or in connection with this Charter".

**5　REPRESENTATIONS AND WARRANTIES**

Each Party makes the following representations and warranties on the date of this Deed to the other Parties to this Deed.

**5.1**　It is a corporation, duly incorporated and validly existing under the law of its jurisdiction of incorporation.

**5.2**　The obligations expressed to be assumed by it in this Deed are, subject to any general principles of law limiting its obligations, legal, valid, binding and enforceable obligations.

**5.3**　The entry into and performance by it of, and the transactions contemplated by, this Deed do not and will not conflict with:

(a)　any law or regulation applicable to it;

(b)　its constitutional documents; or

(c)　any agreement or instrument binding upon it or any of its assets.

**5.4**　It has the power to enter into, perform and deliver, and has taken all necessary action to authorise its entry into, performance and delivery of, this Deed and the transactions contemplated this Deed.

**6　NOVATION EFFECTIVE TIME**

**6.1**　The novation as stipulated in Clause 3 shall become effective upon:

(a)　the delivery of the Vessel under the Existing MOA as evidenced by the protocol of delivery and acceptance of the Vessel signed by the Charterers as sellers and the Original Owner as buyers; and

(b)　the delivery of the Vessel under the Subsequent MOA as evidenced by the protocol of delivery and acceptance of the Vessel signed by the Original Owner as sellers and the Replacement Owner as buyers.

For the purpose of this Deed, the "**Novation Effective Time**" shall be the time of delivery of the Vessel as set out in the protocol of delivery and delivery stipulated in Clause 6.1(b) above.

**7   MISCELLANEOUS**

**7.1**   The Parties confirm, by their execution of this Deed, that the Replacement Owner has been provided with complete and up to date copies, including all amendments, of the Bareboat Charter.

**8   COUNTERPARTS**

**8.1**   This Deed may be executed and delivered by the Parties in any number of counterparts, and this have the same effect as if the signatures of the counterparts were on a single copy of this Deed.

**9   THIRD PARTY RIGHTS**

**9.1**   Nothing in this Deed is intended to confer on any person which is not a party to this Deed any right to enforce any term of this Deed under the Contracts (Rights of Third Parties) Act 1999.

**10   GOVERNING LAW AND ENFORCEMENT**

**10.1**   This Deed, and any non-contractual obligations arising out of it or in connection with it, are governed by, and shall be construed in accordance with, English law.

**10.2**   Clause 30 of the Bareboat Charter shall (*mutatis mutandis*) apply to this Deed.

**IN WITNESS whereof the Parties hereto have caused this Deed to be executed and delivered on the date on the date stated at the beginning of this Deed.**

EXECUTION PAGE

**BAREBOAT CHARTERER**

**EXECUTED AS A DEED**　　　　　　　　　　　　)
by **FOLEGANDROS SHIPPING CORPORATION**　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
acting by　　　　　　　　　　　　　　　　　　　　)
in the presence of:　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)　Vasileios Chatzieleftheriadis
Witness' signature: VALENTINI TOPOUZELI　　　)
Witness' name:　　　ATTORNEY - AT - LAW　　　)
Witness' address:　118, KOLOKOTRONI STREET　 )
　　　　　　　　　　　　PIRAEUS - GREECE
　　　　　　　TEL. 30210 4598321 - FAX: 30210 4598250

**ORIGINAL OWNER**

**EXECUTED AND DELIVERED AS A DEED**　　　　)
and the COMMON SEAL of　　　　　　　　　　　)
**ORIENTAL FLEET INTERNATIONAL**　　　　　　)
**COMPANY LIMITED**　　　　　　　　　　　　　　)
was affixed in the presence of　　　　　　　　　　)
its Director　　　　　　　　　　　　　　　　　　　)
in the presence of:　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
Witness' signature:　　　　　　　　　　　　　　　)
Witness' name:　　　　　　　　　　　　　　　　　)
Witness' address:　　　　　　　　　　　　　　　　)

**REPLACEMENT OWNER**

**EXECUTED AS A DEED**　　　　　　　　　　　　)
by **ORIENTAL FLEET TANKER 02 LIMITED**　　　)
东方富利 TANKER02 有限公司　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
acting by　　　　　　　　　　　　　　　　　　　　)
in the presence of:　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
Witness' signature:　　　　　　　　　　　　　　　)
Witness' name:　　　　　　　　　　　　　　　　　)
Witness' address:　　　　　　　　　　　　　　　　)

7

EXECUTION PAGE

**BAREBOAT CHARTERER**

**EXECUTED AS A DEED** )
by **FOLEGANDROS SHIPPING CORPORATION** )
)
acting by )
in the presence of: )
)
Witness' signature: )
Witness' name: )
Witness' address: )


**ORIGINAL OWNER**

**EXECUTED AND DELIVERED AS A DEED** )
and the COMMON SEAL of )
**ORIENTAL FLEET INTERNATIONAL** )
**COMPANY LIMITED** )
was affixed in the presence of )
its Director )
in the presence of: LI BING )

Witness' signature: )
Witness' name: CHEN YANGYANG )
Witness' address: )

    50/F, COSCO Tower,
    183 Queen's Road Central,
    Hong Kong




**REPLACEMENT OWNER**

**EXECUTED AS A DEED** )
by **ORIENTAL FLEET TANKER 02 LIMITED** )
东方富利 TANKER02 有限公司 )
)
acting by )
in the presence of: LI BING )
)
Witness' signature: )
Witness' name: CHEN YANGYANG )
Witness' address: )

    50/F, COSCO Tower,
    183 Queen's Road Central,
    Hong Kong